LA ROCCA, FEELEY, SMITH & ROSELLINI, LLC
76 South Orange Ave., Suite 211
(973) 763-6100 (Phone)
(973) 763-5600 (Fax)
John D. Feeley (JDF - 1215)
Pablo N. Blanco (PNB - 3810)
Attorney's for Plaintiff
Mark Kleinerman

RECEIVED-CLERK
U.S. DISTRICT COURT

2005 MAY 23  P 3: 59

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

MARK KLEINERMAN,

                Plaintiff,

    vs.

ELAINE L. CHAO, SECRETARY,
UNITED STATES DEPARTMENT OF
LABOR, in her official capacity, TEAMSTERS
LOCAL NO. 97, JOHN J. GEROW, in his
official capacity as President of Defendant
Local 97, INTERNATIONAL
BROTHERHOOD OF TEAMSTERS AFL-
CIO, and JAMES P. HOFFA, in his official
capacity as General President of Defendant
International Brotherhood of Teamsters AFL-
CIO,

                Defendants.

Civil Action No.
05- 2699 (HAA)

**COMPLAINT**

Plaintiff Mark Kleinerman, by and through his attorneys, La Rocca, Feeley, Smith &

Rosellini, LLC, by way of Complaint against the Defendants herein, states as follows:

### PARTIES

    1.    Plaintiff Mark Kleinerman ("Plaintiff" or "Kleinerman") is an individual residing at

31-19 Morlot Avenue, Fairlawn, New Jersey, 07410-0425. At all relevant times hereinafter

mentioned, Kleinerman has been, and continues to be a member of Local 97, International

Brotherhood of Teamsters ("Local 97" or "Union"), a labor organization as defined by 29 U.S.C.

§ 402(I).

2.    Defendant Elaine L. Chao ("Chao") is the current, duly appointed Acting Secretary of United States Department of Labor ("DOL"). This action is brought against Defendant Chao in her official capacity.

3.    Defendant Local No. 97 ("Local 97") is an affiliate of Defendant International Brotherhood of Teamsters AFL-CIO ("International"), representing over 10,000 members at over 100 locations throughout the State of New Jersey. Upon information and belief, Defendant Local 97's principle place of business is located at 485 Chestnut Street, Union, New Jersey, 07083.

4.    At all relevant times hereinafter mentioned, Defendant John J. Gerow ("Gerow") was, and continues to be the President of Defendant Local 97. Defendant Gerow's business address is 485 Chestnut Street, Union, New Jersey, 07083.

5.    Defendant International Brotherhood of Teamsters AFL-CIO ("International"), represents 521 local Unions, including Local 97. Upon information and belief, Defendant International's principal place of business is located at Office of the General President, 25 Louisiana Avenue, N.W., Washington, D.C., 20001.

6.    At all relevant times hereinafter mentioned, Defendant James P. Hoffa ("Hoffa") was and continues to be the General President of Defendant International. Defendant Hoffa's business address is 25 Louisiana Avenue, N.W., Washington, D.C., 20001.

-2-

## JURISDICTION

7.     This Court has subject matter jurisdiction over this action, pursuant to the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 482(b), because Plaintiff raises causes of action and issues regarding Defendant Chao's failure to perform the duties mandated by 29 U.S.C. § 482(b). This action involves an internal election of a labor organization for which Defendant Chao has a duty to investigate upon proper a complaint made by a member of a labor organization and, if violations are found which affected the outcome of said election, to petition the United States District Court to order a new election. This Court also has subject matter jurisdiction under 28 U.S.C. § 1361.

8.     This Court also has subject matter jurisdiction over this action, pursuant to the Labor Management Relations Act ("LMRA"), 1947, 29 U.S.C. § 185, because Plaintiff raises causes of action and issues regarding Defendants Local 97, Gerow, International and Hoffa's (collectively "the Union Defendants") breach of contract, as defined by 29 U.S.C. § 185. This Court also has jurisdiction, pursuant to the National Labor Relations Act ("NLRA"), 29 U.S.C. § 160(b), as Plaintiff is alleging that these Defendants violated their duty of fair representation, pursuant to 29 U.S.C. § 159(a).

## FACTS

A. Background

9.     On November 20, 2003, the New Jersey State Board of Mediation ("NJSBM") conducted a mail ballot election for officers of Teamsters Local 97 between the incumbent slate known as "The Great Slate" and the opposition slate known as the "Team With Integrity"

("Team"). Prior to the election, the NJSBM mailed over 10,000 ballots to eligible union members for the positions of four officers, President, Secretary-Treasurer, Vice-President and Recording Secretary, and three trustees.

10.     Kleinerman was a candidate for President for the "Team", Patricia Ward-Jenkins was a candidate for Secretary-Treasurer, Sylvester McElhaney was a candidate for Vice President, Benny Cardona was a candidate for Recording Secretary, Manny Segundo was a candidate for Trustee, Rita Washington was a candidate for Trustee, and Levy Newell was a candidate for Trustee.

11.     After the election count on November 20, 2003, the Team slate filed a timely protest of the election with the Secretary-Treasurer of Joint Council 73, based upon the existence of glaring and egregious errors in the election process by Defendant Local 97 and the NJSBM, as well as due to rampant and widespread election misconduct and corruption by members of the Great Slate, but particularly its incumbent Presidential candidate, Defendant Gerow. The errors, misconduct and corruption, all of which affected the outcome of the entire election, included, but are not limited to: 1) Over 3,000 of the member addresses that Local 97 provided to the Team slate were inaccurate and were returned to the NJSBM. These 3000 members did not vote in the election; 2) of the approximate 7,000 ballots that were received, 5,512 did not return their ballots and only 1,488 voted; 3) the NJSBM mistakenly sent Local 97 members a large number, possibly hundreds, of ballots for two different elections regarding Teamster Local Union 194 and Local No. 197. This caused Local 97 members a great amount of confusion and caused many who intended to vote for the Team slate not to vote at all; 4) the Great Slate failed to process membership cards for large numbers of members brought in by the Team slate who would have

-4-

voted for the Team slate; and 5) the Great Slate, but particularly its incumbent Presidential candidate, Defendant Gerow, failed to provide Kleinerman and the Team slate with membership address lists, but kept and used said lists for his own purposes in support of his re-election bid, as well as to bolster the chances that other members of his slate would be elected. The Great Slate also filed its own protest of the November 20, 2003 election results.

12.     On December 5, 2003, a recount was conducted . The recount resulted in a victory for the candidate for Secretary-Treasurer of the Team, Pat Jenkins, by four votes and a defeat of the Team Presidential candidate, Kleinerman, by 17 votes.

13.     On or about December 8, 2003, the Executive Board of Joint Council 73 scheduled a hearing after both slates filed timely protests, pursuant to Article XXII (5)(b) of the Teamsters International Constitution. Representatives of both slates appeared at the hearing and presented testimony and documents.

14.     On January 9, 2004, the Joint Council unanimously determined that a new election should be held based on the sole issue of errors in the election made by NJSBM, and not the issue of misconduct. The Joint Counsel chose not to address objections raised, including, but not limited to: 1) Failure of the Gerow incumbents to provide Kleinerman with membership address lists, while at the same time using these internal mailing lists for their own purposes; and 2) Failure of the Gerow incumbents to process membership cards for large numbers of members brought in by the Team slate. A true copy of the Joint Council's January 9, 2004 decision is attached hereto as **Exhibit A**.

B. The Union Defendants' Egregious And Improper Actions

15.     On January 12, 2004, Defendant Gerow, the Great Slate's incumbent Presidential candidate, filed an appeal with Defendant Hoffa, General President of Defendant International, seeking a stay of the effectiveness of the Joint Council 73's decision. Defendant Gerow filed said appeal without advising Kleinerman and without providing him with a copy of the actual appeal letter until several months after it was filed.

16.     On January 14, 2004, Kleinerman, without having the knowledge that Defendant Gerow sent an appeal letter to Defendant Hoffa requesting a stay of the Joint Council's decision to hold a new election, sent a letter to Defendant Gerow seeking implementation of the Joint Council's decision.

17.     On January 15, 2004, Defendant Hoffa, responded to Defendant Gerow by letter, granting him a stay of the effectiveness of the Joint Council's decision, pursuant to Article XIX, Section 10 of the International Constitution, pending a determination on Defendant Gerow's appeal. A true copy of Defendant Hoffa's January 15, 2004 letter is attached hereto as **Exhibit B**. Defendant Gerow ultimately filed his appeal with Mr. Hoffa on January 15, 2004.

18.     On January 22, 2004, Kleinerman, for the first time, became apprised of the stay to the Joint Council's decision by Defendant Hoffa, when Defendant Gerow sent Plaintiff a copy of the January 15, 2004 letter from Defendant Hoffa, without a copy of Defendant Gerow's appeal.

19.     On January 31, 2004, Kleinerman sent a letter to Defendant Hoffa formally objecting to Defendant Gerow's appeal, due to the fact that Kleinerman was not provided with a

-6-

copy, or even given a chance to oppose, the appeal to Defendant Hoffa. In this letter, Kleinerman also requested that Defendant Hoffa lift the stay, so that he could have the opportunity to review Defendant Gerow's appeal and to subsequently present his opposition to the appeal and Defendant Gerow's request for a stay. Kleinerman also voiced concerns over the timeliness of Defendant Gerow's appeal, but specifically whether Defendant Gerow filed an appeal within the allotted fifteen day time limit, and especially in light of the fact that the appeal was never presented to Plaintiff. A true copy of Kleinerman's letter to Defendant Hoffa is attached hereto as **Exhibit C**. Upon information and belief, Defendant Hoffa has failed to respond in any way to the concerns raised in Kleinerman's January 31, 2004 letter.

20. Upon information and belief, Defendant Gerow's appeal is still pending before the Board and has yet to be adjudicated. The stay, however, still remains in effect, despite the fact that the Joint Council ordered a new election on January 9, 2004, over one year ago.

21. On February 24, 2004, Kleinerman sent a letter to Defendant Hoffa formally requesting that he immediately allow the new election to go forward, based primarily on Local 97 and Defendant Gerow's egregious and unlawful election misconduct and corruption, as set forth at length above in ¶¶ 11 and 14. Kleinerman also addressed the NJSBM's errors, which also affected the outcome of the election. These errors included mistakenly sending Local 97 members a large number of ballots for two different elections regarding Teamster Local Union 194 and Local No. 197. This caused Local 97 members a great amount of confusion and caused many who intended to vote for the Team slate not to vote at all. Kleinerman also set forth that these errors caused Local 97 members to vote for the Team on incorrect ballots, which were ultimately challenged and the votes disqualified. Kleinerman also addressed the fact that he had only recently received

-7-

Defendant Gerow's appeal, which Kleinerman was never allowed to oppose, and which contained claims as to facts which were not in the record. Kleinerman reiterated that the Joint Council, under the circumstances, could have declared him (Kleinerman) the winner, due to the fact that his testimony as to the 22 votes that he received on wrong ballots that were discounted, was uncontested. Based on the above-mentioned facts regarding the election errors and gross election misconduct, all of which affected the outcome of the entire election, Kleinerman specifically requested that Defendant Hoffa make a decision on the appeal which was still pending and to immediately order the Union to conduct a new election for all of the positions. Kleinerman also provided Defendant Hoffa with all relevant evidence, documents, and transcripts that pertained to the proceeding before the Joint Council. A true copy of Kleinerman's letter to Defendant Hoffa is attached hereto as **Exhibit D**.

22. On February 24, 2004, Kleinerman's counsel, John D. Feeley, Esq., of La Rocca, Feeley, Smith & Rosellini, LLC, sent a letter to Defendant Hoffa, reiterating that his client did not have the benefit of material that Defendant Hoffa received from Mr. Gerow. Mr. Feeley noted that Kleinerman had only recently received a copy of Defendant Gerow's appeal to Defendant Hoffa regarding the Joint Council's unanimous decision ordering a new election. Mr. Feeley also requested that any documents on the above-mentioned appeal be provided to him and Kleinerman, including, but not limited to, documents received from Defendant Gerow as well as any other documents. Mr. Feeley requested that Defendant Hoffa apprise him of the date that the above-mentioned matter would be considered by himself and others, and further requested that Defendant Hoffa contact him if additional documents or information were needed. Upon information and belief, Defendant Hoffa never responded to this letter, or any previously mentioned

-8-

correspondence that was sent to him. A true copy of Mr. Feeley's letter to Defendant Hoffa is attached hereto as **Exhibit E**.

23.   On December 23, 2004, Mr. Feeley, sent another letter to Defendant Hoffa in order to inquire about the status of the above-mentioned appeal. Mr. Feeley addressed the fact that Kleinerman had provided Mr. Tom Schatz, Chief Investigator for the Independent Review Board of the Teamsters, with documentation of written material about the improper activities of Defendant Gerow during the election. Mr. Feeley also voiced concerns about the long delay in the new election for all offices. Mr. Feeley, again, asked Mr. Hoffa to order a new election immediately under the auspices of an independent third party. Upon information and belief, Defendant Hoffa has not responded to this letter to date. A true copy of Mr. Feeley's letter to Defendant Hoffa is attached hereto as **Exhibit F**.

24.   Upon information and belief, none of the Defendants and/or their representatives have ever provided Plaintiff Kleinerman with a formal response to his above-mentioned letters.

25.   Upon information and belief, Defendant Hoffa, as General President of Defendant International failed to appoint a temporary trustee to take charge and to control the affairs of Defendant Local 97, pursuant to Article VI, Section 5 of the International Constitution, at any time after he received notice from both Plaintiff and his counsel, in the letters set forth above, of the widespread and rampant election misconduct and corruption that Defendant Gerow and the Incumbent Slate have perpetrated, which have clearly jeopardized the interests of the International, Local 97 and their respective members, including Plaintiff, and which have clearly tainted the democratic union election process.

-9-

## C.  The Actions And Omissions of Defendant Chao And The DOL

26.     After exhausting all of his administrative remedies with Defendants Local 97 and/or International, Kleinerman, in or about March, 2004, filed a formal complaint with the Defendant Chao, as Secretary of the DOL, pursuant to 29 U.S.C. § 482(a), in which he specifically alleged that Defendant Local 97 violated the LMRDA, as well as Defendant International's Constitution and By-Laws and took actions which clearly affected the outcome of the November 20, 2003 election for all of the offices, including the position of President and Secretary-Treasurer, as well as the recount on December 5, 2003.  The allegations in this complaint were based primarily on Defendant Local 97 and Gerow's egregious and unlawful election misconduct and corruption, as set forth at length above in ¶¶ 11 and 14.  Plaintiff Kleinerman also alleged in the complaint that the NJSBM committed errors which affected the outcome of the election, in the manner set forth at length above in ¶¶ 11 and 21.  Based on the above-mentioned allegations regarding the election errors and gross election misconduct, all of which affected the outcome of the entire election, Kleinerman specifically requested that Defendant Chao file suit against Defendant Local 97 in order to compel it to conduct a new election for all of the positions, and not just for the Secretary-Treasurer position.

27.     On or about July 7, 2004, Kleinerman, through his counsel, sent a letter to Ralph Gerchak, District Director of the DOL's Office of Labor Management Standards ("OLMS"), on behalf of the Team, protesting the November 20, 2003 election and formally objecting to the nature, scope and quality of the investigation that the DOL and its representative Yvette Hoyt, conducted after Kleinerman filed his formal complaint with the DOL.  A true copy of this July 7, 2004 letter is attached hereto as **Exhibit G**.

-10-

28.     With regard to the investigation, Kleinerman specifically in his July 7, 2004 letter that Yvette Hoyt, a representative with only two years experience, took the alleged investigation a great deal beyond the issues raised in the complaint. Specifically, Ms. Hoyt centered the investigation on the issue of the NJSBM's issuance of ballots for two different elections which it was simultaneously holding for Local 97 members, instead of focusing on the issues which were actually raised in the complaint which centered only on asking for a new election for all positions based upon the above-mentioned misconduct and corruption. Specifically, Ms. Hoyt unreasonably ignored the clear allegations of rampant misconduct and corruption that were raised in the complaint, which involved, among other things, Defendant Gerow's willful abuse of the Team's candidates, the willful manipulation of membership lists and the refusal to mail campaign literature. Ms. Hoyt also accepted uncorroborated statements that the mistaken ballots involved only ten ballots, despite the fact that the facts that Kleinerman presented through witness testimony demonstrated that well over 100 mistaken ballots were sent out. Kleinerman also stated that Ms. Hoyt did not take into account the various criminal and illegal activities and statements that Mr. Gerow and his representatives made, as evidenced by copies of statements submitted to the DOL, and that Kleinerman was not provided any names and addresses of eligible voting members, or an opportunity for mailing during the election, which is *prima facie* a basis for a re-election. Kleinerman also stated in this letter that Defendant Gerow mailed to his members slanderous and inaccurate material regarding Kleinerman and the Team, while at the same time willfully refusing to provide Kleinerman and his representatives with the right to mail literature to Local 97 members. Ms. Hoyt also disregarded the willful failure to process 56 to 59 Team supporters who sought to pay full dues so that they could be eligible to vote and whose

-11-

applications were supposed to be processed within 30 days. Lastly, Kleinerman provided documentation of 49 Spanish speaking employees at Silver Line, an employer who employs a substantial number of Local 97 Teamsters, who Defendant Gerow simply did not allow to vote for his own self-serving purposes. See **Exhibit G**.

29.    On July 13, 2004, Mr. Gerchak wrote a letter to Defendant Gerow informing him that the DOL had accepted "the agreement of Teamsters Local No. 97 to conduct new nominations, election and installation for the office of Secretary-Treasurer on or before February 28, 2006 under the supervision of the Secretary of Labor and in accordance with Title IV of the LMRDA." Mr. Gerchak further stated that in consideration of the above-mentioned agreement and Defendant Local 97's waiver regarding the timeliness of any and all actions to be taken by the Secretary, pursuant to the LMRDA regarding the challenged election of November 20, 2003, the Secretary would not initiate legal proceedings at that time, but that she reserved her right to do so until March 31, 2006. A true copy of Mr. Gerchak's July 13, 2004 letter is attached hereto as **Exhibit H**. Upon information and belief, Defendant Local 97, under the direction and supervision of Defendant Chao, has yet to conduct the new election for the Secretary-Treasurer office.

30.    In a letter to Kleinerman, dated July 15, 2004, John H. Heaney, Chief of the Division of Enforcement for the DOL, stated that after an investigation by the DOL, a decision was made that there was only an effect on the outcome concerning the race for the Secretary-Treasurer position. Mr. Heaney further stated that the investigation did not provide a basis for action by the DOL for any other position in the protested election. Mr. Heaney also stated that the DOL would respond to Kleinerman's July 7, 2004 letter in the future and that it would address the allegations raised in Kleinerman's complaint and that the DOL would explain why only the

-12-

Secretary-Treasurer position "was affected." A true copy of Mr. Heaney's letter is attached hereto as **Exhibit I.**

31.     Upon information and belief, neither Defendant Chao, nor any officer or representative of the DOL, has ever provided Kleinerman with either a formal response to his July 7, 2004 letter (as the DOL indicated that it would), which, as set forth above, included specific examples of the incomplete and faulty nature of the DOL's investigation into Kleinerman's complaint, a formal answer to his complaint, or with the requisite "Statement of Reasons" specifically setting forth Defendant Chao's grounds for her decision not to initiate suit regarding the entire election, as opposed to only the position of Secretary-Treasurer, and the essential facts upon which such a decision was based.

## COUNT 1

## VIOLATION OF LMRDA, 29 § U.S.C. 482(b) AS TO DEFENDANT CHAO

32.     Plaintiff repeats, reiterates and realleges each and every statement made in Paragraphs 1-31 of his Complaint as if fully set forth at length herein.

33.     Pursuant to the LMRDA, 29 U.S.C. § 482(b), Defendant Chao was legally obligated to fully and completely investigate Kleinerman's complaint and to ultimately bring a civil action against Defendant Local 97 to set aside the original election of November 20, 2003 and to direct Defendant Local 97 to conduct a new election, upon finding probable cause to believe that the Union has violated the terms of the LMRDA and/or its own Constitution or by-laws.

-13-

34.   Defendant Chao violated 29 U.S.C. § 482(b) because the investigation that she and the DOL conducted regarding the allegations set forth in Kleinerman's complaint was incomplete, limited and ineffective for the reasons set forth above in ¶¶ 27-28.

35.   As part of its investigation, Defendant Chao and the DOL failed to consider and/or ignored a substantial amount of information in the record, the majority of which Kleinerman provided to her and the DOL, regarding the above-mentioned errors, misconduct and corruption by Defendants Local 97 and Gerow which clearly affected the outcome of the entire election for all of the positions, as opposed to only for the position of Secretary-Treasurer. Accordingly, Defendant Chao based her ultimate determination that there was only an effect on the outcome concerning the race for the Secretary-Treasurer position on incomplete information and evidence, as opposed to the entire record available to her and the DOL.

36.   Defendant Chao further violated 29 U.S.C. § 482(b) because neither she, nor any officer or representative of the DOL, has ever provided Kleinerman with a formal response to his above-mentioned July 7, 2004 letter (as the DOL indicated that it would), which, as set forth above, included specific examples of the incomplete and faulty nature of the DOL's investigation into Kleinerman's complaint, a formal answer to his complaint, or with the requisite "Statement of Reasons" specifically setting forth Defendant Chao's grounds for her decision not to initiate suit regarding the entire election for all of the positions, as opposed to only the position of Secretary-Treasurer, and the facts upon which such a decision was based.

37.   Defendant Chao's decision, or determination, that there was only an effect on the outcome concerning the race for the Secretary-Treasurer position was arbitrary, capricious and

-14-

constituted abuse of her discretion in violation of 29 U.S.C. § 482(b).

## COUNT II

## CONTINUING VIOLATION OF DUTY OF FAIR REPRESENTATION AS TO DEFENDANTS LOCAL 97 AND GEROW

38.     Plaintiff repeats, reiterates and realleges each and every statement made in Paragraphs 1-37 of his Complaint as if fully set forth at length herein.

39.     Section 9(a) of the NLRA, 29 U.S.C.A. § 159(a), imposes a duty of fair representation on a union to serve the interests of all members without hostility and discrimination toward any, to exercise its discretion with complete good faith and to avoid arbitrary conduct.

40.     Pursuant to 29 U.S.C.A. § 159(a), Defendants Gerow and Local 97 had a duty to fairly represent the interests of all of its members, and to avoid conduct which discriminated against, or which showed hostility toward, any of its members, including Kleinerman and the other members of the Team slate. Accordingly, Defendants Gerow and Local 97 had a duty to, among other things: 1) quickly process membership cards so that Local 97 members could participate and vote in Local 97 elections; 2) provide all slates running in Local elections with correct and up to date membership address lists, 3) immediately investigate allegations of misconduct and corruption made by Local 97 members, including misconduct and corruption that occurred as part of an election; 4) upon the completion of the aforementioned investigations regarding allegations of misconduct and corruption, take immediate remedial action to ensure that all adverse affects of this misconduct and corruption have been removed, that similar misconduct

-15-

and corruption does not occur in the future and that those who engaged in the misconduct and corruption are punished and/or reprimanded accordingly; 5) treat all union members and/or member slates running in Local 97 elections fairly and equally; 6) implement any decisions of the Joint Council, including those decisions involving elections; and 7) contemporaneously and/or immediately provide union members with copies of all documents that they have forwarded to, or exchanged with, Defendant Hoffa or the International, regarding, among other things, election protests and appeals to which they are parties or directly involved.

41.     Beginning on or before November 20, 2003 and continuing to the present, Defendants Gerow and Local 97, to which Defendant Gerow is President, have clearly, blatantly and continually violated the duty of fair representation that they owed not only to Kleinerman and the members of the Team slate, but also to many Local 97 members, by, among other things: 1) intentionally and continually failing to process membership cards for large numbers of members brought in by the Team slate who would have voted for the Team slate; 2) intentionally and continually failing to provide Kleinerman and the Team slate with correct, updated membership address lists, but keeping and using said lists for Defendant Gerow's own purposes in support of his re-election bid, as well as to bolster the chances that other members of his slate would be elected; 3) intentionally providing the Team slate with 3000 incorrect member mailing addresses; 4) continually failing to implement the unanimous decision of the Joint Council, dated January 9, 2004, which called for a new election for all of the offices/positions, including President, despite repeated requests from Kleinerman; 5) improperly and unreasonably failing to immediately inform Kleinerman that Defendant Gerow was not only seeking to appeal the Joint Council's unanimous

-16-

decision to Defendant Hoffa, but also that he was requesting that Defendant Hoffa stay the effectiveness of the Joint Council's decision pending his appeal; 6) unreasonably and continually failing and/or refusing to timely provide Kleinerman with copies of any documents that were exchanged between Defendant Gerow and Defendant Hoffa regarding Defendant Gerow's appeal of the Joint Council's decision, dated January 9, 2004, as well as any documents regarding his request for a stay of the Joint Council's decision; and 7) failing to address, take any action, or remedy the widespread corruption and misconduct that has not only overtaken and detrimentally affected the November 30, 2003 election, to which he was directly responsible, but also the subsequent recount.

42.     As a direct and proximate result of Defendants' actions and omissions, Kleinerman has suffered damages, which included losing the election for President based on Defendant Gerow and Local 97's election misconduct and corruption and being precluded from running as President in a new election, despite the fact that the Joint Council has already held over a year ago that a new election had to be conducted based on the above-mentioned election misconduct, corruption and errors.

## COUNT III

## CONTINUING VIOLATION OF DUTY OF FAIR REPRESENTATION AS TO DEFENDANTS HOFFA AND INTERNATIONAL

43.     Plaintiff repeats, reiterates and realleges each and every statement made in Paragraphs 1-42 of his Complaint as if fully set forth at length herein.

-17-

44.     Pursuant to 29 U.S.C.A. § 159(a), Defendants Hoffa and the International had a duty to fairly represent the interests of all of its members, and to avoid conduct which discriminated against, or which showed hostility toward, any of its members, including Kleinerman. Accordingly, Defendants had a duty to, among other things: 1) immediately implement decisions of the Joint Council, particularly when such decisions called for a new union election to be conducted as the result of clear and obvious election errors and/or misconduct; 2) immediately process and adjudicate all appeals filed by any International or local union members regarding any decisions of the Joint Council that dealt with, or involved elections; 3) immediately investigate allegations of misconduct and corruption made by members of any of their local unions, such as Local 97, including misconduct and corruption that occurred as part of an election; 4) upon the completion of the aforementioned investigations regarding allegations of misconduct and corruption, take immediate remedial action to ensure that all adverse affects of election misconduct and corruption have been removed, that similar misconduct and corruption does not occur in the future and that those who engaged in the misconduct and corruption are punished and/or reprimanded accordingly; 5) treat all union members fairly and equally; 6) immediately respond to the oral or written concerns of any of their members regarding corruption and misconduct which may have affected the outcome of a union election; 7) contemporaneously and/or immediately provide union members with copies of all documents that they have forwarded to, or exchanged with, any local unions or their officials, regarding, among other things, election protests and appeals to which they are parties or directly involved.

45.     Beginning on January 12, 2004 and continuing through the present, Defendants Hoffa and the International have violated their duty of fair representation to Kleinerman by,

-18-

among other things: 1) continually failing to implement the January 9, 2004 decision of the Joint Council calling for a new election for all offices/positions, including President, despite repeated requests from Kleinerman and having the knowledge that the November 20, 2003 election has been marred with gross misconduct, corruption and errors, particularly at the hands of Defendants Gerow and Local 97; 2) continually failing to hold a new election for Local 97 for all offices and positions, including President, despite repeated requests from Kleinerman and having the knowledge that the November 20, 2003 election has been marred with gross misconduct, corruption and errors, particularly at the hands of Defendants Gerow and Local 97; 3) continually failing to process and adjudicate Defendant Gerow's appeal, which was filed on January 15, 2004, of the Joint Council's January 9, 2004. Upon information and belief, this appeal is still pending and has not been processed, dealt with or resolved in any way. Moreover, the stay that Defendants Hoffa and International granted Defendant Gerow regarding the implementation of the Joint Council's decision has and will remain in effect until Defendant Gerow's appeal of the Joint Council's decision has been processed and adjudicated; 4) improperly granting Defendant Gerow's request for a stay of the Joint Council's January 9, 2004 decision without affording Kleinerman an opportunity to formally object and/or respond to Defendant Gerow's appeal and his request for a stay pending the adjudication of the appeal; 5) continually failing to respond to, or otherwise take any action with regard to, the numerous letters that Kleinerman, or his counsel, forwarded to Defendant Hoffa, in which Kleinerman objected to Defendant Gerow's appeal and his request for a stay of the Joint Council's decision based on the fact that Kleinerman was never afforded with an opportunity to respond to and/or oppose the appeal and the request for a stay, and made numerous requests to Defendant Hoffa to deny the appeal and lift the stay, based on the

-19-

gross and blatant misconduct and corruption by Defendant Gerow which affected the outcome of the November 20, 2003 election and the subsequent recount. These letters included those dated January 31, 2004, February 24, 2004 and November 2, 2004; and 6) continually failing to investigate any of the allegations of election misconduct and corruption that Kleinerman has raised in his numerous letters to Defendant Hoffa.

46.     As a direct and proximate result of Defendants' actions and omissions, Kleinerman has suffered damages, which include being precluded from running as President in a new election, despite the fact that the Joint Council has already held over a year ago that a new election had to be conducted based on the election misconduct and corruption set forth at length above.

## COUNT IV

## BREACH OF CONTRACT AS TO DEFENDANT HOFFA

47.     Plaintiff repeats, reiterates and realleges each and every statement made in Paragraphs 1-46 of his Complaint as if fully set forth at length herein.

48.     Article VI, Section 1(a) of the International's Constitution sets forth that the General President "shall act to the best of his ability in furthering the interests of the organization."

49.     As part, or in furtherance, of his contractually mandated duty to act in the best interests of the organization, the General President also has the power and authority to take action pursuant to Article VI, Section 5(a) of the International Constitution. Article VI, Section 5(a) sets

-20-

forth that following a hearing to determine whether a temporary trustee should be appointed, the

General President shall have the power to appoint a temporary trustee to take charge and control

the affairs of a local union or other subordinate body, when he has, or receives information which

leads him to believe that: any officers in a local union, or subordinate body, are dishonest or

incompetent; such organization, or subordinate body is not being conducted in accordance with

the Constitution and laws of the International Union, or for the benefit of the membership; any

local union or subordinate body is being conducted in such a manner as to jeopardize the interests

of the International Union or its subordinate bodies. The General President may also appoint a

temporary trustee if he believes that such action is necessary for the purpose of correcting

corruption or financial malpractice, or restoring democratic procedures or preventing any action

which is disruptive of, or interferes with, the performance of obligations of other members or

Local Unions under collective bargaining agreements.

50.     As General President of Defendant International, Defendant Hoffa has a

contractual duty to act to the best of his ability in furthering the interests of the International and

all of its members.

51.     As part of his contractually imposed duty to serve the best interests of the

International, including its local unions and members, such as Local 97 and Kleinerman,

Defendant Hoffa should have immediately appointed a temporary trustee to take charge of and

control the affairs of Local 97 after he became aware of the of the widespread and rampant

election misconduct and corruption that Defendant Gerow and the Incumbent Slate have

perpetrated, which have clearly: jeopardized the interests of the International, Local 97 and their

respective members, including Kleinerman; tainted the democratic union election process; and

-21-

which have clearly affected the outcome of not only in the November 20, 2003 election, but also the subsequent recount, as set forth at length above.

52.     Defendant Hoffa breached the terms of Article VI, Sections 1(a) and 5(a) of the International Constitution and did not act in the best interests of the organization and its members, as he is contractually obligated to do, because he has continually failed to appoint a temporary trustee who would control and take charge of Defendant Local 97, or to even hold a hearing to determine whether a temporary trustee should be appointed, despite the fact that he became aware of the widespread and rampant election misconduct and corruption that Defendants Gerow and Local 97 have perpetrated, which have clearly: jeopardized the interests of the International, Local 97 and its members, including Kleinerman; tainted the Democratic union election process; and which have clearly affected the outcome of not only the November 20, 2003 election, but also the subsequent recount, as set forth at length above.

53.     As a direct and proximate result of Defendant Hoffa's breach of Article VI, Sections 1(a) and 5(a) of the International Constitution, Kleinerman has suffered damages, in the manner set forth above.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Mark Kleinerman prays that this Court enter judgment against Defendants as follows:

1.     Declaring the July 15, 2004 determination of Defendant Chao and the DOL arbitrary, capricious an abuse of discretion and, therefore, invalid;

2.     Ordering Defendant Chao, as Secretary of Labor, to bring a civil action against

Defendant Local 97 in order to compel it to immediately conduct a new election, under the supervision and direction of the Secretary of Labor, for the offices of Union President, Secretary-Treasurer, Vice-President and Recording Secretary, and three trustees;

3.  Enjoining from conducting a new election for the office of Secretary-Treasurer only or, if such an election has already taken place, compelling Defendant Chao to set aside the results of said election for the office of Secretary-Treasurer;

4.  Ordering Defendants Hoffa and/or International to immediately lift the stay of the decision of the Joint Council, dated January 9, 2004;

5.  Ordering the Union Defendants to immediately conduct and hold a new election for the offices of Union President, Secretary-Treasurer, Vice-President and Recording Secretary, and three trustees;

6.  Enjoining the Union Defendants from conducting or holding a new, separate election for any individual offices, such as Secretary-Treasurer only, as opposed to a new election for all offices;

7.  Ordering the Union Defendants to immediately provide Plaintiff with correct and updated membership address lists for all Local 97 members and to immediately process all Local 97 membership cards prior to any new election taking place for the offices Union President, Secretary-Treasurer, Vice-President and Recording Secretary;

8.  Awarding Plaintiff attorneys fees, costs of suit and disbursements; and

-23-

9.   Granting Plaintiff all other preliminary and permanent injunctive relief, and such

other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues and causes of action raised herein.

Dated:

LA ROCCA, FEELEY, SMITH & ROSELLINI, LLC
Attorney for Plaintiff Mark Kleinerman


By:_____
JOHN D. FEELEY