NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK KLEINERMAN, )<br>)<br>Plaintiff, )<br>– vs. – )<br>)<br>ELAINE L. CHAO, SECRETARY, )<br>UNITED STATES DEPARTMENT OF )<br>LABOR, in her official capacity, )<br>TEAMSTERS LOCAL NO. 97, JOHN J. )<br>GEROW, in his official capacity as )<br>President of Local 97, )<br>INTERNATIONAL BROTHERHOOD OF )<br>TEAMSTERS AFL-CIO, and JAMES P. )<br>HOFFA, in his official capacity as General )<br>President of Defendant International )<br>Brotherhood of Teamsters AFL-CIO, )<br>)<br>Defendants. )<br>) | Hon. Harold A. Ackerman<br><br>Civil Action No. 05-2699 (HAA)<br><br>**OPINION AND ORDER** |

**ACKERMAN, Senior District Judge:**

This matter comes before the Court on a motion to dismiss filed by Defendants John J. Gerow and Teamsters Local No. 97 ("Local 97") (together with Gerow, the "Local 97 Defendants"). For the following reasons, the Local 97 Defendants' motion to dismiss is GRANTED.

**I.    BACKGROUND**

Plaintiff Mark Kleinerman is a member of Local 97, which is affiliated with Defendant International Brotherhood of Teamsters AFL-CIO ("International"). On November 20, 2003, the New Jersey State Board of Mediation ("NJSBM") held a mail ballot election for officers of Local

1

97 between the incumbent slate (identified as "the Great Slate") and an opposition slate (identified as the "Team Slate"). Prior to the election, the NJSBM mailed ballots to eligible union members for the positions of President, Vice-President, Secretary-Treasurer, Recording Secretary, and three trustees. Plaintiff was a candidate for President on the Team Slate, while Gerow was the incumbent President and also the presidential candidate for the Great Slate.

The election resulted in the re-election of Gerow as the President. According to Plaintiff, the election was fraught with egregious errors, misconduct, and corruption. Thereafter, the Team Slate filed a timely protest of the election with Joint Council 73 ("Joint Council") pursuant to the Teamsters International Constitution. In its protest, the Team Slate alleged that Gerow provided the Team Slate candidates with over 3,000 inaccurate union member addresses, thereby depriving them of their voting rights. The Team Slate also asserted that Gerow kept the correct address list for his own use. Further, the Team Slate believed that, despite approximately 7,000 ballots sent to union members, only 1,488 actually voted. In addition, the Team Slate accused the NJSBM of fostering confusion among Local 97 members, and causing them to refrain from voting, by mistakenly sending Local 97 members ballots for elections regarding Teamsters Local No. 194 and Local No. 197.

On December 5, 2003, the NJSBM conducted a recount which resulted in a victory for the Secretary-Treasurer candidate of the Team Slate but the renewed defeat of Kleinerman as a Presidential candidate. Both slates filed timely appeals of the result of the recount, and on January 9, 2004, the Joint Council determined that a new election should be held on the sole basis of errors in the election made by NJSBM, without regard to the allegations of misconduct raised by Kleinerman.

On January 12, 2004, Gerow filed an appeal with Defendant James P. Hoffa, General President of Defendant International Brotherhood of Teamsters AFL-CIO, seeking a stay of the Joint Council's decision. Hoffa granted the stay three days later. Unaware of Gerow's request to Hoffa for a stay, on January 14, 2004, Plaintiff sent a letter to Gerow requesting that he implement the Joint Council's decision. Plaintiff first learned of Gerow's appeal on January 22, 2004. Subsequently, on January 31, 2004, Plaintiff sent a letter to Hoffa objecting to Gerow's appeal for failure to notify Plaintiff of the request, and also for the untimeliness of the appeal.

On February 24, 2004, Plaintiff sent a letter to Hoffa formally requesting that the new election be carried out immediately. Additionally, in or about March 2004, Plaintiff filed a formal complaint with Defendant Elaine L. Chao, as the Secretary of the Department of Labor ("DOL"), pursuant to 29 U.S.C. § 482(a). The complaint alleged that Local 97 violated the Labor Management Reporting and Disclosure Act ("LMRA"), and requested that Defendant Chao file suit against Local 97 to compel it to conduct a new election. Plaintiff asserted that on July 7, 2004, his counsel sent a letter to Ralph Gerchak, District Director of the DOL's office of Labor Management Standards, protesting the November 20, 2003 election and asking the DOL investigate to the errors and misconduct associated with the election. Plaintiff also stated that he received a letter from John H. Heaney, Chief of the Division of Enforcement for the DOL, on July 15, 2004, stating that after an investigation, the DOL had determined that only the race for the Secretary-Treasurer position was questionable. In addition, Plaintiff contended that Mr. Heaney also stated in the July 15, 2004 letter that DOL would respond to the allegations contained in Plaintiff's July 7, 2004 letter.

On December 23, 2004, Plaintiff's counsel sent a letter to Hoffa inquiring about the status

of Plaintiff's request for a new election. It appears that Plaintiff has yet to hear from either Hoffa or the DOL. Consequently, on May 23, 2005, Plaintiff filed a Complaint in this Court against Chao, Local 97, Gerow, International, and Hoffa in the instant action. The Complaint listed four counts against the various defendants. The Complaint alleged: (1) a violation of the LMRA, 29 U.S.C. § 482(b), by Defendant Chao; (2) a continuing violation of the duty of fair representation ("DFR") by the Local 97 Defendants; (3) a continuing violation of the DFR by Defendants International and Hoffa; and (4) a breach of contract by Hoffa. In response, the Local 97 Defendants moved before this Court to dismiss the claims against them for untimeliness. Defendants International and Hoffa filed an Answer and Affirmative Defenses, and Chao filed an Answer and Jury Demand.

## II. LEGAL STANDARD

### A. Standard Under Fed. R. Civ. P. 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 12(b)(6), the Court is required to accept as true the facts and allegations contained in the complaint and all reasonable inferences drawn therefrom, and to view the facts in the light most favorable to the non-moving party. *Sadruddin v. City of Newark*, 34 F. Supp. 2d 923, 925 (D.N.J. 1999); *see also Gen. Motors Corp. v. New A Chevrolet, Inc.*, 263 F.3d 296, 325 (3d Cir. 2001). While the Court will accept as true all reasonable inferences and well-pleaded allegations, it will not accept "unsupported conclusions and unwarranted inferences" or legal conclusions cast in the form of factual allegations. *Langford v. City of Atlantic City*, 235 F.3d 845, 847 (3d Cir. 2002). In the complaint, the claimant must set forth sufficient information to

provide defendant with notice of the plaintiff's claims, such as the elements of the claims. *Id*; *see also* Fed. R. Civ. P. 8(a)(2). "The court may dismiss the complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

**III.   ANALYSIS**

     **A.   Plaintiff's Claims Against Gerow and Local 97 Are Untimely**

Central to the Local 97 Defendants' motion to dismiss is the statute of limitations provided under the National Labor Relations Act ("NLRA"), 29 U.S.C. § 160(b). The parties do not dispute that the applicable statute of limitations is six months under the NLRA. Although a statute of limitations defense is not included in the enumerated defenses listed in Rule 12(b), the Third Circuit has instructed that the statute of limitations may be raised in a Rule 12(b)(6) motion to dismiss where it is clear on the face of complaint that the action is not brought within the statute of limitations. *See Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994); *Davis v. Grusemeyer*, 996 F.2d 617, 622 (3d Cir. 1993). In determining whether an action should be dismissed for non-compliance with the statute of limitations, the Third Circuit has cautioned the district courts that "[if] the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (quoting *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978)).

The Local 97 Defendants argue that Plaintiff's claims against them should be dismissed for failure to bring his DFR claims within the six-month statutory period. The Local 97 Defendants assert that a DFR claim accrues when Plaintiff reasonably should have known of the

5

union's alleged breach.  The Local 97 Defendants further contend that the alleged actions by them, on which Plaintiff's DFR claims are premised, occurred before or shortly after January 31, 2004 and therefore, Plaintiff's claims are untimely.  However, Plaintiff argues that his cause of action has not yet accrued and therefore, his claims are timely.

With respect to a DFR claim, the Third Circuit in *Hersh v. Allen Products Co.*, 789 F.2d 230 (3d Cir. 1986), held that the six-month statute of limitations begins to run "when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation."  *Hersh*, 789 F.2d at 232 (citing *Hungerford v. United States*, 307 F.2d 99, 102 (9th Cir. 1962).  Plaintiff challenges the applicability of *Hersh*, based on the factual distinctions between that case and the instant action.  The plaintiff in *Hersh* brought a hybrid claim under the LMRA, including a DFR claim against her union for failing and/or refusing to take her grievance to arbitration.  Plaintiff argues that *Hersh* should not apply here because Plaintiff's claims are not premised upon the union's failure to advance Plaintiff's grievance to arbitration.  However, courts in this Circuit have not hesitated to apply the *Hersh* standard for commencement of the limitations period for DFR claims in many varied circumstances.  *See Petersen v. United Steelworkers of Am.*, No. 2004/0062, 2004 U.S. Dist. LEXIS 17749, at *6 (D.V.I. Aug. 30, 2004) (applying the *Hersh* standard to DFR claims against plaintiffs' union for assuring plaintiffs that they could not lose their jobs by striking and for failure to provide plaintiffs re-employment when the union negotiated a settlement agreement with plaintiffs' employer); *Stokes v. Local 116 of the Int'l Union of Elec., Elec., Salaried, Mach. & Furniture Workers*, No. 92-3131, 1993 U.S. Dist. LEXIS 1009, at *17 (E.D. Pa. Feb. 2, 1993) (applying the *Hersh* standard to hybrid DFR claims against plaintiffs' union for acting in bad

faith in negotiating a collective bargaining agreement and for failure to process plaintiffs' grievances); *Franklin v. Nat'l Mar. Union*, No. 91-480, 1992 U.S. Dist. LEXIS 14167, at *7 (D.N.J. Jan. 15, 1992) (applying the *Hersh* standard to a DFR claim for inadequate representation in assisting him in the removal proceeding commenced by his employer).  Therefore, the Court will apply the *Hersh* standard to the instant DFR claims.

Under the *Hersh* standard, if Plaintiff could have discovered the Local 97 Defendants' actions which formed the basis for the DFR claims more than six months prior to the filing of the Complaint, Plaintiff's claims would be time-barred.  Arguably, Plaintiff should have discovered the basis for his DFR claims on January 22, 2004, when he learned of Gerow's appeal of the stay of the Joint Council's decision to hold a new election.  Gerow's appeal could reasonably be viewed as a negative reaction from union leadership, in response to Plaintiff's request of January 14, 2004 for a new election.  At the very least, Plaintiff should have realized the existence of his DFR claims in or about March 2004 when he filed a formal complaint with the DOL.  The allegations in Plaintiff's DOL complaint "were based primarily on Defendant[s] Local 97 and Gerow's egregious and unlawful election misconduct and corruption," as were the allegations contained in the Complaint in the instant action.  (Compl. ¶ 26.)  The similarities between the bases of Plaintiff's DOL complaint and the Complaint presently before the Court persuade this Court that Plaintiff must have recognized the facts underlying his DFR claims by March 2004, if not well before that date.

Plaintiff's delay in filing this action is not excused by his transmission of a December 23, 2004 letter to Hoffa inquiring about the status of his protest, nor can Plaintiff rely upon the continued silence from the DOL, or Local 97 or International, to preserve his claims, as discussed

in Part B below. Faced with a total lack of response from these parties, Plaintiff should not have waited over a year to bring this action. Under any reasonable interpretation of the commencement date of the claims, the six-month statute of limitations would have expired by the time Plaintiff filed this action. Therefore, Plaintiff's DFR claims against the Local 97 Defendants are untimely.

Plaintiff cannot turn to the Court now and plead that he could not have discovered the violations supposedly committed by the Local 97 Defendants when he had made several complaints both formally and informally to Local 97, Gerow, Hoffa, and even the DOL. Furthermore, allowing Plaintiff to proceed at this point would frustrate the purpose of the statute of limitations: promoting judicial efficiency and discouraging plaintiffs from sitting on their legal rights.

      B.      **Plaintiff Cannot Claim the Benefit of the Continuing Violations Doctrine**

Plaintiff attempts to argue that his claims against Gerow and Local 97 are not untimely as they are based on continuing violations which extend the statute of limitations. The continuing violations doctrine "is an equitable exception to the timely filing requirement [so that] when a defendant's conduct is part of a continuing practice, [a legal] action is timely so long as the last act evidencing the continuing practice falls within the limitations period." *Cowell v. Palmer Twp.*, 263 F.3d 286, 292 (3d Cir. 2001). The Local 97 Defendants counter that the continuing violations doctrine is inapplicable here, as it extends the statute of limitations only for affirmative acts. They argue that the last alleged affirmative act by them took place on or before November 20, 2003, and thus, the continuing violations doctrine would not save the claims against them, filed in 2005.

According to the Complaint, which governs our analysis on this motion to dismiss, the last affirmative and discriminatory acts that harmed Plaintiff were the errors and acts of misconduct allegedly committed by the Local 97 Defendants on or before November 20, 2003. The six-month statute of limitations for those acts of misconduct expired on May 20, 2004. In addition, Plaintiff did not provide evidence of any other affirmative acts by Defendants that would entitle him to the benefit of the continuing violations doctrine after that date. Despite the lack of affirmative acts by Defendants, Plaintiff contends that his claims against the Local 97 Defendants are timely because the continuing violation doctrine encompasses passive omissions as well as affirmative acts. Plaintiff cites three cases which he claims support his position: *Brenner v. Local 514, United Brotherhood of Carpenters and Joiners of America*, 927 F.2d 1283 (3d Cir. 1991); *Lewis v. Local Union No. 100*, 750 F.2d 1368 (7th Cir. 1984); and *Caputo v. National Association of Letter Carriers*, 730 F. Supp. 1221 (E.D.N.Y. 1990).

In evaluating Plaintiff's argument, it should first be noted that *Lewis* is a decision from the Seventh Circuit and *Caputo* is from the Eastern District of New York; neither case is binding on this Court. Secondly, *Lewis* and *Brenner* dealt with a union's failure or refusal to refer plaintiffs to potential employers, an issue which is not present here. Furthermore, in granting plaintiffs the benefit of the continuing violations doctrine, the court in *Brenner* found that plaintiffs "were subjected to repeated hostile acts committed by [the defendant] during the period of discrimination." *Brenner*, 927 F.2d at 1296. Because *Brenner* clearly dealt with affirmative acts, *Brenner* cannot be read to support Plaintiff's contention that acts of omission can constitute violations under the continuing violations doctrine. Perhaps *Caputo* best supports Plaintiff's contention, for it held that " [a] union may breach the duty of fair representation 'even in the

9

absence of bad faith or ill will, by conduct or omission which is arbitrary or irrational.'" *Caputo*, 730 F. Supp. at 1225 (citing *N.L.R.B. v. Local 282, Int'l Bhd. of Teamsters*, 740 F.2d 141, 147-48 (2d Cir. 1984)).  However, this Court is not persuaded by the court's reasoning in *Caputo*, because the Third Circuit has explicitly instructed otherwise.  In *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998), the Third Circuit specifically stated that "in applying the [continuing violations doctrine], this court focuses on the affirmative acts of the defendant."  *Id*. (citing *287 Corporate Ctr. Assocs. v. Twp. of Bridgewater*, 101 F.3d 320, 324 (3d Cir. 1996)).  Accordingly, Plaintiff's focus on acts of omission is unavailing in the Third Circuit.

Plaintiff also cites a recent unpublished opinion in a Third Circuit case where the court denied the plaintiff the benefit of the continuing violations doctrine and reasoned that the plaintiff failed to point to any affirmative acts or omissions by the defendants.  *Bucholz v. Midwestern Intermediate Unit IV*, 128 F. App'x 890, 894 (3d Cir. 2005).  Thus, Plaintiff argues that the court in *Bucholz* must have held that continued omissions can be the basis for applying the doctrine.  However, Plaintiff's interpretation of the court's holding is flawed.  In stating that the plaintiff had failed to point to any omissions by defendants, the court was merely highlighting the fact that the plaintiff in that case failed to allege any wrongful act by the defendants which would render the Complaint timely.  Notably, the court in *Bucholz* cited two Third Circuit cases which reinforce the idea that in applying the continuing violation doctrine, the court focuses on affirmative acts by the defendant.  *Id*. at 894 (citing *Sameric*, 142 F.3d at 599 and *Cowell*, 263 F.3d at 293-94).

Finally, while Plaintiff did suggest evidence of passive omissions by Defendants, the

Third Circuit has clearly held that the focus is on affirmative acts, rather than omissions in applying the continuing violations doctrine. Therefore, the Court finds that Plaintiff cannot claim the benefit of the continuing violations doctrine, and Plaintiff's claims against the Local 97 Defendants must be dismissed. Accordingly, Count II of the Complaint, which contains the claims against the Local 97 Defendants, will be dismissed.

### C.  Whether Gerow Is a Proper Defendant

The Local 97 Defendants also dispute whether Gerow is a proper defendant, disputing whether he has been sued in his official capacity and is therefore immune from suit. Because this Court has found that Plaintiff's claims are untimely and must be dismissed, this Court need not reach the issue of Gerow's amenability to suit.

### VI.  CONCLUSION

For the aforementioned reasons, it is hereby ORDERED on this 11th day of July 2006 that the Local 97 Defendants' motion to dismiss is GRANTED, and Count II of the Complaint is hereby DISMISSED WITH PREJUDICE.

Newark, New Jersey
Dated: July 11, 2006                                                                 s/ Harold A. Ackerman, U.S.D.J.