United States Attorney
SUSAN J. STEELE
Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
Tel. (973)645-2920
Fax. (973) 297-2010
email: susan.steele@usdoj.gov
SJS:7042

*UNITED STATES DISTRICT COURT*
*DISTRICT OF NEW JERSEY*

MARK KLEINERMAN,

      *Plaintiff(s),*

    v.

ELAINE L. CHAO, SECRETARY,
UNITED STATES DEPARTMENT
OF LABOR, IN HER OFFICIAL CAPACITY,
TEAMSTERS LOCAL NO. 97, JOHN
J. GEROW, IN HIS OFFICIAL CAPACITY
AS PRESIDENT OF DEFENDANT LOCAL
97, INTERNATIONAL
BROTHERHOOD OF TEAMSTERS
AFL-CIO, AND JAMES P. HOFFA, IN
HIS OFFICIAL CAPACITY AS GENERAL
PRESIDENT OF DEFENDANT
INTERNATIONAL BROTHERHOOD OF
TEAMSTERS, AFL-CIO,,

      *Defendant(s).*

Hon. Harold A. Ackerman

*Civil Action No.* 05-2699

## MEMORANDUM IN SUPPORT OF
## DEFENDANT'S MOTION TO DISMISS

CHRISTOPHER J. CHRISTIE
United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102

*On the Brief:*
SUSAN J. STEELE
Assistant U.S. Attorney

TABLE OF CONTENTS

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

MEMORANDUM OF FACTS AND LAW
        IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS . . . . . . . . . . . .  1

Factual Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

Issue Presented . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

Statutory Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  16

TABLE OF AUTHORITIES

CASES

Bernsen v. United States Department of Labor,
    979 F. Supp. 32 (D.C.C. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10

Brennan v. Independent Lift Truck Builders Union,
    490 F.2d 213 (7th Cir. 1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   12

Brennan v. Silvergate District Lodge No. 50,
    503 F.2d 800 (9th Cir. 1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8

Calhoun v. Harvey,
    379 U.S. 134 (1964) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

DeVito v. Shultz,
    72 LRRM 2682 (D.D.C. 1969) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   13

Doyle v. Brock,
    641 F. Supp. 223 (D.D.C. 1986),
    aff'd, 821 F.2d 778 (D.C. Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . .   10

Dunlop v. Bachowski,
    421 U.S. 560 (1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 9-11, 13

Ellis v. Chao,
    336 F.3d 114 (2d Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10

Hall v. Marshall,
    476 F. Supp. 262 (E.D. Pa. 1979),
    aff'd, 622 F.2d 578 (3d Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . .   10

Harrington v. Chao,
    372 F.3d 52 (1st Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10

Hodgson v. Local 6799, United Steelworkers,
    403 U.S. 333 (1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   12

Holmes v. Donovan,
    796 F.2d 173 (6th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8

Local 1219, AFGE v. Donovan,
   683 F.2d 511 (D.C. Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7-9

Local No. 82, Furniture & Piano Moving, Furniture Store Drivers,
Helpers, Warehousemen & Packers v. Crowley,
   467 U.S. 526 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Nichols v. Dole,
   136 LRRM 2133 (D.S.C. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Petersen v. Dole,
   956 F.2d 1219 (D.C. Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Reich v. District Lodge 720,
   IAM, 11 F.3d 1496 (9th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Sadlowski v. Marshall,
   464 F. Supp. 858 (D.D.C.),
   aff'd, 106 LRRM 2968 (D.C. Cir. 1979),
   cert. denied, 447 U.S. 905 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Shelley v. Brock,
   793 F.2d 1368 (D.C. Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Trbovich v. United Mine Workers,
   404 U.S. 528 (1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Usery v. Local 639, International Brotherhood of Teamsters,
   543 F.2d 369, (D.C. Cir. 1976), cert. denied,
   429 U.S. 1123 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Wirtz v. Hotel, Motel and Club Employees, Local 6,
   391 U.S. 492 (1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Wirtz v. Local 153, Glass Bottle Blowers' Association,
   389 U.S. 463 (1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

STATUTES

5 U.S.C. § 702 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 9

5 U.S.C. § 704 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 9

5 U.S.C. § 706 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

5 U.S.C. § 706(2)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

29 U.S.C. § 402(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

29 U.S.C. § 481 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5

29 U.S.C. § 482 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 7

29 U.S.C. § 482(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5

29 U.S.C. § 482(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

29 U.S.C. § 483 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

RULE

Federal Rule of Civil Procedure 12(b)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

REGULATION

29 C.F.R. § 452.136 (b-1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

OTHER AUTHORITY

Union Elections and the LMRDA:
      Thirteen Years of Use and Abuse,
      81 Yale L.J. 407 (1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

<u>MEMORANDUM OF FACTS AND LAW</u>
<u>IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS</u>

Plaintiff, Mark Kleinerman, a member in good standing of Local 97 of the International Brotherhood of Teamsters, has challenged the Department of Labor's (Department) decision to settle the plaintiff's March 19, 2004 complaint to the Department concerning the election of officers conducted by Local 97 on November 20, 2003.  This action arises under the provisions of Title IV of the Labor-Management Reporting and Disclosure Act of 1959 (LMRDA), 29 U.S.C. §§ 481-483.  Plaintiff seeks judicial review of the Department's determination, pursuant to sections 701 and 704 of the Administrative Procedure Act (APA), 5 U.S.C. §§ 702, 704.  The Department's decision is well-founded and cannot be deemed as so irrational to render it arbitrary and capricious, or an abuse of discretion.  Therefore, plaintiff's complaint must be dismissed for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

<u>Factual Background</u>

Local 97 conducted its regularly scheduled election of officers on November 20, 2003.  The plaintiff ran for the office of President and lost by a margin of twenty-one votes, 667-646.  The closest election was for Secretary-Treasurer in which Pat Jenkins defeated the incumbent, Donato Dimola, by a single vote, 654-653.  The other offices were decided by margins of 42 to 127 votes.  (<u>See</u> Secretary's Answer, filed on December 12, 2005.)

Following the election, the plaintiff protested to Teamster Joint Council 73

by a letter dated November 22, 2003.  On January 9, 2004, the Joint Council Executive Board decided to set aside the election and order a new election.  (See Secretary's Answer, Paragraph 14.)  The Teamster International President, however, on January 15, 2004, ordered a stay of the Joint Council Executive Board order.  The plaintiff filed a complaint with the Department on March 19, 2004 in which he requested "a Labor Department supervised rerun of the election."  (See Secretary's Answer, Paragraph 26.)

The Department conducted an investigation of the several alleged violations contained in the plaintiff's complaint.  As a result of the investigation, the Department determined that a single violation occurred during the 2003 election which may have affected eight votes. (See Secretary's Answer, Exhibit D.) Therefore, the Department decided to settle the case by conducting a supervised election for the office of Secretary-Treasurer, the only election decided by fewer than eight votes.  The local agreed to this proposed settlement on July 8, 2004. However, the victorious candidate for Secretary-Treasurer, a member of the military reserve, was called for a tour of duty in Operation Iraqi Freedom. Consequently, under the settlement agreement, the supervised election was scheduled to take place by February 28, 2006, after her scheduled return.  Later, the Department learned that Ms. Jenkins would not return by February 2006 and so the Department and the union amended the settlement agreement so that the Department would supervise the local's next regularly scheduled election for

Secretary-Treasurer in November 2006. [1] (See Secretary's Answer, Exhibit B.)

In a letter dated April 28, 2005, the Department wrote in response to an inquiry by Mr. Kleinerman and explained why the Department had entered into the settlement agreement. The Department indicated in the letter that:

> An investigation conducted by the Department of Labor determined that Local 97 denied members an opportunity to vote in violation of Title IV when it sent ballots for the wrong Teamster local election to approximately ten members who requested duplicate ballots. The investigation further revealed that this violation may have affected the outcome of the election for Secretary-Treasurer, which was decided by a single vote.

The Department went on to further explain the specific basis for this violation. The Department in the letter stated:

> Interviews with election officials, as well as a review of the election records, determined that one official made this error on one particular day. A close examination of the election records also established that this official mailed the wrong ballot to ten Local 97 members. A review of the local membership records indicated that only eight of these ten members were eligible to vote in the 2003 election. Five of the members, upon instructions from the election officials, tried to vote the incorrect ballot, but the local did not count the ballots. Therefore, this violation could have only affected the votes of eight eligible members. The only race decided by eight or less votes was the election for Secretary-

_____

[1] The ballot packages in the supervised election are scheduled to be mailed on October 24, 2006 and will be tallied on November 14, 2006. Pursuant to section 402(a) of the LMRDA, 29 U.S.C. § 482(a), Ms. Jenkins has continued to serve as Secretary-Treasurer.

> Treasurer, which was decided by one vote.  All other
> races were decided by margins in excess of eight votes.

(See Secretary's Answer, Exhibit C.)

The letter also explained why the investigation determined that probable cause did not exist to believe that any other violation occurred during the 2003 election that may have affected the election for any other office.  A copy of the Department's April 28, 2005 letter is attached to this memorandum for the court's convenience as Exhibit 1.

The plaintiff filed this action in district court on May 23, 2005, but did not properly serve the government until October 11, 2005.  In his complaint, the plaintiff asks the court, among other things, to find the Department's decision to settle his election complaint to be "arbitrary, capricious an abuse of discretion and, therefore, invalid" and to order "[the] Secretary of Labor to bring a civil action against Defendant Local 97 in order to compel it to immediately conduct a new election, under the supervision and direction of the Secretary of Labor, for the offices of Union President, Secretary-Treasurer, Vice-President and Recording Secretary, and three trustees."

<u>Issue Presented</u>

Whether the Department's decision to settle plaintiff's March 19, 2004 complaint for a supervised election of the office of Secretary-Treasurer as explained in the Department's April 28, 2005 letter was arbitrary and capricious,

an abuse of discretion and otherwise not in accordance with the law.

Statutory Background

Title IV of the LMRDA was designed to insure free and democratic union elections. <u>Wirtz v. Local 153, Glass Bottle Blowers' Association</u>, 389 U.S. 463, 470 (1968). In order to best serve the public interest, Congress decided to utilize the special knowledge and discretion of the Department in enforcing Title IV. <u>Calhoun v. Harvey</u>, 379 U.S. 134, 140 (1964). One of the primary reasons Congress granted exclusive enforcement authority to the Department was to prevent members from pressing claims not thought meritorious by the Department and from litigating in forums or at times different from those chosen by the Department. <u>Trbovich v. United Mine Workers</u>, 404 U.S. 528, 536 (1972). Consequently, Title IV precludes any private action by a union member to contest the election. <u>Local No. 82, Furniture & Piano Moving, Furniture Store Drivers, Helpers, Warehousemen & Packers v. Crowley</u>, 467 U.S. 526, 544, 549 (1984).

Title IV establishes minimum standards for officer elections and grants the Department exclusive authority to enforce those standards. 29 U.S.C. §§ 481, 482. Prior to bringing a complaint to the Department, the aggrieved member must exhaust his internal union remedies, or have invoked those remedies and not received a final decision within three calendar months. 29 U.S.C§ 482(a). Before the Department can institute legal action based on a union member's complaint, the Department must find that there is probable cause to believe that a

5

violation of the LMRDA has occurred, and has not been remedied.  29 U.S.C. §
482(b).  In addition, the Department must find that the violation may have
affected the outcome of the election.  Wirtz v. Hotel, Motel and Club Employees,
Local 6, 391 U.S. 492, 505-509 (1968).

Where the Department finds that a member's complaint does not provide
the basis for litigation, the only right of a union member is to a statement of the
Department's reasons for declining to file suit, and to judicial review of that
statement solely to determine whether the Department has acted in an arbitrary
and capricious manner.  Dunlop v. Bachowski, 421 U.S. 560 (1975); Usery v.
Local 639, International Brotherhood of Teamsters, 543 F.2d 369, (D.C. Cir.
1976), cert. denied, 429 U.S. 1123 (1977).  If the member's complaint does
provide a basis for litigation, the Department will either file an action in the
appropriate district court or agree to settle the matter with the union.  Since the
beginning of the statute, the Department has tried to resolve as many complaints
as possible through settlement because of the obvious benefits in time and
resources such settlements offer.  See Union Elections and the LMRDA: Thirteen
Years of Use and Abuse, 81 Yale L.J. 407, 492-96 (1972).  When the Department
settles a complaint with the union short of litigation, it will provide the
complainant with an explanation of the reasons for the settlement if the

complainant, as Kleinerman did in this case, asks for such an explanation.[2] This is what the Department did with its April 28, 2005 letter to the plaintiff.

<u>Standard of Review</u>

The standard of review for a court examining the Secretary's settlement of an election case is set out in <u>Local 1219, AFGE</u> v. <u>Donovan</u>, 683 F.2d 511 (D.C. Cir. 1982).[3] In <u>Local 1219</u>, the American Federation of Government Employees ("AFGE") held its election of national officers in August 1980. After receiving a complaint, the Department of Labor conducted an investigation into the allegations concerning the election. The Department determined there was probable cause to believe that the AFGE election had been conducted contrary to the statute. The Department then engaged in settlement negotiations with the AFGE.

In May 1981, the Department and the AFGE entered into a settlement agreement in which the Department would supervise the August 1982 election of four AFGE officers, including the election of delegates to the 1982 national

---

[2]In most cases, the Department does not have to provide any explanation for its settlement because the complainant is satisfied with settlement for a new election. In this case, however, the plaintiff wished to know why the Department had not insisted on a new election for the office of President which the plaintiff had lost.

[3] The election action in <u>Local 1219</u> was conducted under the Civil Service Reform Act ("CSRA") which, as the court points out, has "virtually the identical enforcement scheme for violations … as apply to violations of the [LMRDA], 29 U.S.C. § 482." <u>Local 1219</u>, 683 F.2d at 515 n.13. Thus, the reasoning of <u>Local 1219</u> can be applied to election enforcement actions under the LMRDA.

convention. Id. at 513-14. Four AFGE locals and eighty-six members objected to the settlement and the district court sustained their objections. Local 1219, AFGE v. Donovan 516 F. Supp. 1362 (D.D.C. 1981).

The Court of Appeals reversed the district court. The court first found that the Department's action in entering into the settlement agreement was subject to judicial review. Then, the court set out the standard for that review:

> On the merits, the standard by which we review the Department's decision is quite narrow. We cannot substitute our judgment for that of the Director, in whom the Department entrusted the decision to enter into settlement agreements. Rather, we must restrict our inquiry to determining whether his actions violated applicable statutory or regulatory provisions, or demonstrate that he acted arbitrarily, capriciously or otherwise in abuse of his discretion.

Local 1219, 683 F.2d at 518.

The Circuit Court holding in Local 1219 is consistent with other courts that have reviewed the Secretary's settlement agreements in election cases. For example, in Holmes v. Donovan, 796 F.2d 173, 179 (6th Cir. 1986), the court found that the Secretary had not abused his discretion by entering into a settlement agreement prior to litigation and that "the consent agreement was a reasonable exercise of the Secretary's authority under the circumstances...." See also Brennan v. Silvergate District Lodge No. 50, 503 F.2d 800, 806-807 (9th Cir. 1974).

8

The holding in Local 1219 is the same test as courts apply when reviewing the more common occurrence of the Secretary's decision not to file suit in an election case. Dunlop v. Bachowski 421 U.S. 560, 572-73 (1975).

Because the Bachowski case is the legal touchstone in these matters, careful examination of that case is warranted. In Bachowski, the Supreme Court held that the Department's discretionary decision not to sue pursuant to the LMRDA is subject to judicial review pursuant to 702 and 704 of the APA, 5 U.S.C. §§ 702, 704. Bachowski, 421 U.S. at 572. Bachowski, however, provided that the standard of judicial review for these decisions is the "arbitrary and capricious" standard, specified in section 706(2)(A) of the APA (5 U.S.C. § 706(2)(A)). Bachowski, 421 U.S. at 565-66. The Court held that the scope of review is very narrow. Specifically, in reference to a review of the Department's decision not to sue to set aside a Title IV union election, the Supreme Court has held, "[s]ince the statute relies upon the special knowledge and discretion of the Department for the determination of both the probable violation and the probable effect, clearly the reviewing court is not authorized to substitute its judgment for the decision of the Secretary not to bring suit." Bachowski, 421 U.S. at 571.[4] Generally, the courts

_____

[4] As one court aptly noted, "[g]iven the centrality of the Secretary's role in monitoring union democracy, the Act allows dissatisfied union members to challenge in federal court the Secretary's decision not to sue. This is quite unusual. Normally, the federal courts cannot review the decision of an administrative agency not to bring an enforcement action. Such decisions are inherently policy driven and thus best left to the discretion of the agency. Largely for that reason, the Secretary's decision whether to sue a union for violating Title

have upheld the Department's decision not to sue under the LMRDA.  <u>See</u> <u>e.g.,</u>

<u>Harrington</u> v. <u>Chao</u>, 372 F.3d 52 (1ˢᵗ Cir. 2004); <u>Bernsen</u> v. <u>United States</u>

<u>Department of Labor</u>, 979 F. Supp. 32 (D.C.C. 1997); <u>Petersen</u> v. <u>Dole</u>, 956 F.2d

1219 (D.C. Cir. 1992); <u>Sadlowski</u> v. <u>Marshall</u>, 464 F. Supp. 858 (D.D.C.), <u>aff'd</u>,

106 LRRM 2968 (D.C. Cir. 1979), <u>cert</u>. <u>denied</u>, 447 U.S. 905 (1980); <u>Hall</u> v.

<u>Marshall</u>, 476 F. Supp. 262 (E.D. Pa. 1979), <u>aff'd</u>, 622 F.2d 578 (3d Cir. 1980).

On the rare occasions that the court has found that the Department's statement of

reasons explaining its decision not to sue was insufficient, the court has merely

asked the Department to either proceed appropriately or submit a revised

statement of reasons.  <u>See</u>, <u>e.g.</u>, <u>Ellis</u> v. <u>Chao</u>, 336 F.3d 114, 127 (2d Cir. 2003);

<u>Nichols</u> v. <u>Dole</u>, 136 LRRM 2133, 2136 (D.S.C. 1990); <u>Doyle</u> v. <u>Brock</u>, 641 F.

Supp. 223 (D.D.C. 1986), <u>aff'd</u>, 821 F.2d 778 (D.C. Cir. 1987).  No court has ever

ordered the Department to institute a civil suit to set aside an election as

Kleinerman is requesting the court to do in this case.[5]

In addition, the Supreme Court defined "the permissible  scope of review"

of the Department's determination as "confined to an examination of the reasons

statement, and the determination whether the statement, without more, evinces

---

IV is reviewed only under the highly limited arbitrary and capricious standard
contained in the Administrative Procedure Act, 5 U.S.C. § 706."  <u>Harrington</u> v.
<u>Chao</u>, 372 F.3d 52, 55 (1ˢᵗ Cir. 2004) (citations omitted).

[5] The courts have recognized that there would be serious Constitutional questions
in any court ordering the Secretary to bring a civil suit against a union to set aside
an election.  <u>See</u> <u>Bachowski</u>, 421 U.S. at 575-6; <u>Doyle</u> v. <u>Brock</u>, 821 F.2d at 788-9
(Silberman dissenting).

that the Secretary's decision is so irrational as to constitute the decision arbitrary and capricious." Bachowski, 421 U.S. at 572-73.  The review is not to include any extrinsic evidence, except in "rare" circumstances.  The Court identified specific examples of a situation that might call for the introduction of extrinsic evidence as including situations where the Department completely abrogated its enforcement responsibility, or had prosecuted complaints in a clearly discriminatory manner, or lastly, if its decision clearly went beyond the bounds of or otherwise defied the Act.  Bachowski, 421 U.S. at 574.

Therefore, in this case, the court should examine the Department's April 28, 2005 letter to the plaintiff and determine whether in settling this case in the manner it did the Department acted in an arbitrary and capricious manner or otherwise violated the statute.  The Department's explanation contained in the letter clearly meets this test.

Argument

An examination of the April 28, 2005 letter to the plaintiff demonstrates that the Department's decision to settle the March 19, 2004 complaint for a new election for the one office of Secretary-Treasurer was not arbitrary and capricious or otherwise not in accordance with law.  Instead, the letter presents material and defensible reasons why the Department's investigation determined that only one violation occurred during the local's 2003 election and may have affected eight votes.

11

To begin, the letter explains that a close examination of the election records determined that an election official sent ten local members the ballot from the wrong Teamster local election.  Because eight of these ten members were eligible to vote, the confusion regarding these ballots may have affected the votes of these eight members.

The plaintiff argues that he did not include this allegation in his protest to the union or his complaint to the Department.  However, it is well established that a violation may be the basis of a complaint in court even if the complainant did not include it in his protest to the union if the complainant did not have knowledge of the violation.  Cf. Hodgson v. Local 6799, United Steelworkers, 403 U.S. 333, 340 (1971) (holding that a Title IV civil enforcement action may not include any allegation that was known by the complainant but not protested to the union); see also, Brennan v. Independent Lift Truck Builders Union, 490 F.2d 213, (7th Cir. 1974) (Secretary is entitled to investigate and raise in his complaint violations of which the member was unaware when he filed complaint with Secretary) and 29 C.F.R. § 452.136 (b-1) ("Complaints filed by the Department of Labor will accordingly be limited by [Local 6799] to the matters which may fairly be deemed to be within the scope of the member's internal protest and those which investigation discloses he could not have been aware of").  The complainant had no way of knowing about this violation which, after all, involved the inner machinations of the firm the local hired to run its officer election.  Therefore, the

Department cannot turn a blind eye to this violation which clearly may have affected the outcome of the Secretary-Treasurer election that was decided by one vote.

Next, the letter describes the grounds for the Department's decision, and the essential facts supporting the decision, finding that the remaining allegations were not violations of the LMRDA. In this way, the explanations concerning these allegations resemble a statement of reasons why the Department chose not to litigate based on the complaint.

First, the Department found despite conflicting evidence that representatives of the plaintiff never presented his campaign mailing materials to the local in the condition required by the local's election rules. While the court may have come to a different conclusion based on the investigation, it is not appropriate for the court to substitute its judgment for that of the Department. If the court concludes that the reasons statement is rationally defensible, "then that should be an end to this matter, for it is not the function of the court to determine whether or not the case should be brought." Bachowski, 421 U.S. at 573, quoting, DeVito v. Shultz, 72 LRRM 2682, 2683 (D.D.C. 1969). In Bachowski, the Supreme Court stated that "when the district court determines that the Department's Statement of Reasons adequately demonstrates that the decision is not to sue is not contrary to law, the complaining union member's suit fails and should be dismissed." 421 U.S. at 574.

Second, the letter explained that while members of the incumbent campaigned on occasions in forbidden areas, the investigation revealed that candidates from plaintiff's slate engaged in similar campaigning.  As a result, the Department decided not to file suit based on the incumbents' campaigning because this violation was "offset" by campaigning by members of Kleinerman's slate.

This finding is consistent with applicable case law.  In Shelley v. Brock, 793 F.2d 1368 (D.C. Cir. 1986), the court found that the Department of Labor's statement of reasons explaining why it was not filing suit in the case was not adequate.  However, the court in remanding the case found that the Secretary's decision not to file suit in the original statement of reasons based on a finding that the competing slates in the union election had engaged in similar violations "was a reasonable exercise of the expert discretion entrusted to him."  Id. at 1377.

Finally, contrary to the plaintiff's assertion that 3,000 ballot packages were returned to the local, the investigation found that fewer than 450 packages were returned.  And, of these, the local contacted more than 260 of these members, obtained correct addresses and mailed the ballot packages to the members.  In addition to these actions, the Department found that the local had taken reasonable steps to update its membership list.  The decision that these facts did not support a finding that the local violated the LMRDA is consistent with case law.  See Reich v. District Lodge 720, IAM, 11 F.3d 1496, 1501 (9th Cir. 1993)

14

(most sensible reading of the LMRDA is to require unions to make "reasonable effort" to maintain membership list).

Thus, Department's letter explaining the reasons for its decision to settle Kleinerman's March 19, 2004 complaint for a supervised election of the office of Secretary-Treasurer is clearly not so irrational as to render it arbitrary and capricious, or an abuse of discretion. As described above, the letter briefly and clearly explains the reasons why the Department decided to settle Kleinerman's March 19, 2004 complaint for a new election for the office of Secretary-Treasurer.

15

<u>Conclusion</u>

The Department maintains in its motion that the complaint fails to state a claim upon which relief can be granted.  The Department has given the plaintiff a full and rational explanation of its reasons to settle the March 19, 2004 complaint in its April 28, 2005 letter to Mr. Kleinerman.  It has acted completely within its discretion and has exercised this discretion rationally.  Even when viewed in a light most favorable to the plaintiff, accepting all factual allegations as true, the plaintiff fails to state a claim for which relief can be granted.  The Court should dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

HOWARD M. RADZELY
Solicitor of Labor

KATHERINE E. BISSELL
Associate Solicitor

PATRICIA M. RODENHAUSEN
Regional Solicitor

SHARON E. HANLEY
Counsel for Labor-Management
Programs

FREDERICK BOWEN
Attorney

U.S. Department of Labor
Counsel

Respectfully submitted,

CHRISTOPHER J. CHRISTIE
United States Attorney

/s/ Susan J. Steele

SUSAN J. STEELE
Assistant U.S. Attorney
Chief, Civil Division

Attorneys for Defendant

16