NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK KLEINERMAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ELAINE L. CHAO, SECRETARY, ) <br> UNITED STATES DEPARTMENT OF ) <br> LABOR, in her official capacity, ) <br> TEAMSTERS LOCAL NO. 97, JOHN J. ) <br> GEROW, in his official capacity as ) <br> President of Defendant Local 97, ) <br> INTERNATIONAL BROTHERHOOD OF ) <br> TEAMSTERS AFL-CIO, and JAMES P. ) <br> HOFFA, in his official capacity as General ) <br> President of Defendant International ) <br> Brotherhood of Teamsters AFL-CIO, ) <br> ) <br> Defendants. ) <br> ) | Hon. Harold A. Ackerman <br><br> Civil Action No. 05-2699 (HAA) <br><br> **OPINION AND ORDER** |

John D. Feeley, Esq.
Pablo N. Blanco, Esq.
LA ROCCA, FEELEY, SMITH & ROSELLINI, LLC
76 South Orange Ave., Suite 211
South Orange, New Jersey 07079
*Attorneys for Plaintiff*

Christopher J. Christie
United States Attorney
Susan J. Steele, Esq.
Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
*Attorneys for Defendant, Elaine L. Chao, Secretary, United States Department of Labor*

1

**ACKERMAN**, Senior District Judge:

This matter comes before the Court on motion of Defendant, Elaine L. Chao, Secretary, United States Department of Labor, to dismiss Count I of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Defendant's motion to dismiss is GRANTED.

*Background*

On November 20, 2003, the New Jersey State Board of Mediation ("NJSBM") conducted a mail ballot election for officers of Local 97 of the International Brotherhood of Teamsters ("Local 97") between the incumbent slate (the "Great Slate") and an opposition slate (the "Team Slate"). Mark Kleinerman ("Plaintiff") ran for the office of President on the Team Slate and lost. Following the election, Plaintiff filed a protest with Teamster Joint Council 73 alleging several election violations by Local 97 and the NJSBM. On December 5, 2003, the NJSBM conducted a recount which resulted in a victory for the Team Slate Secretary-Treasurer candidate but affirmed the defeat of Plaintiff for the office of President. On January 9, 2004, the Joint Council Executive Board set aside the election and ordered a new one on the basis of errors made by the NJSBM. On January 15, 2004, however, the Teamster International President, James P. Hoffa, ordered a stay of the Joint Council Executive Board order. Plaintiff filed a complaint (the "Administrative Complaint") with the Department of Labor ("DOL") on March 19, 2004, in which he requested a DOL-supervised rerun of the election.

The DOL conducted an investigation of the alleged violations and found that only a single violation occurred and that the violation may have affected the election for the office of Secretary-Treasurer only. The DOL reached a settlement agreement with Local 97 that the DOL

2

would supervise a new election for the office of Secretary-Treasurer. The DOL wrote to Plaintiff on April 28, 2005, and explained the reasons for its decision. Plaintiff filed a Complaint on May 23, 2005, asking this Court, among other things, to invalidate the DOL decision and order the Secretary of Labor to bring a civil action against Local 97 in order to compel it to conduct a new election for the offices of President, Secretary-Treasurer, Vice-President, Recording Secretary, and three trustees.[1]

On October 19, 2006, Defendant filed a motion to dismiss Count I of the Complaint pursuant to Rule 12(b)(6). The motion is unopposed by Plaintiff. This Court has jurisdiction over this action pursuant to Title IV of the Labor-Management Reporting and Disclosure Act of 1959 ("LMRDA"), Pub. L. No. 86-257, 73 Stat. 519 (1959) (codified as amended in scattered sections of 29 U.S.C.), and sections 701 and 704 of the Administrative Procedure Act ("APA"), Pub. L. 89-554, 80 Stat. 378 (1966) (codified as amended in scattered sections of 5 U.S.C.).

*Analysis*

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint, or a count therein, for failure to state a claim upon which relief may be granted. In evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court "must accept as true all well-pleaded allegations of the complaint[] and construe them liberally in the light most favorable to the

---

[1] Plaintiff's Complaint contains four counts: Count I against Defendant Chao; Count II against Local 97 and Local 97 President John J. Gerow; Count III against International Brotherhood of Teamsters and General President James P. Hoffa; and Count IV against Hoffa. On July 12, 2006, this Court dismissed Count II against Local 97 and Gerow because Plaintiff failed to comply with the six-month statute of limitations provided under the National Labor Relation Act. *See Kleinerman v. Chao*, No. 05-2699, opinion and order (D.N.J. July 12, 2006). Counts III and IV are not addressed in this Opinion.

plaintiffs." *Labov v. Lalley*, 809 F.2d 220, 221 (3d Cir. 1987). "Dismissal under Rule 12(b)(6) is inappropriate 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Gordon v. Wawa, Inc.*, 388 F.3d 78, 80-81 (3d Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A motion to dismiss may not be granted solely because it has not been opposed, but rather such a motion must be examined on its merits.[2] *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991) (recognizing that "if a motion to dismiss is granted solely because it has not been opposed, the case is simply not being dismissed because the complaint has failed to state a claim upon which relief may be granted").

Section 482 of the LMRDA allows a union member under certain circumstances to file an administrative complaint with the Secretary of Labor concerning union election violations. 29 U.S.C. § 482(a). The Secretary shall then investigate and "if he finds probable cause to believe that a violation . . . has occurred and has not been remedied, he shall . . . bring a civil action against the labor organization." 29 U.S.C. § 482(b). The DOL must direct a new election only if the violation may have affected the outcome of the election. 29 U.S.C. § 482(c); *see Wirtz v. Hotel, Motel & Club Employees Local 6*, 391 U.S. 492, 505-09 (1968); *Chao v. Local 54, Hotel Employees & Rest. Employees Int'l Union*, 166 F. Supp. 2d 109, 112-13 (D.N.J. 2001). In addition, the APA provides that "[p]rompt notice shall be given of the denial in whole or in

---

[2] In some situations a court may "rely on [a] local rule to treat a motion to dismiss as unopposed and subject to a dismissal without a merits analysis" because under such a rule "[t]here may be some cases where the failure of a party to oppose a motion will indicate that the motion is in fact not opposed." *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991). Because no such local rule applies that would indicate that Defendant's motion is in fact not opposed, this Court will examine the motion to dismiss on its merits. *See Aruanno v. Cape May County Jail*, No. 02-1395, 2007 WL 708987, at *3 (3d Cir. Mar. 8, 2007) (not precedential).

part of a written application, petition, or other request of an interested person made in connection with any agency proceeding" and "the notice shall be accompanied by a brief statement of the grounds for denial." 5 U.S.C. § 555(e). The APA further provides that a reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

The Supreme Court in *Dunlop v. Bachowski* held that "the court's review should be confined to examination of the 'reasons' statement, and the determination whether the statement, without more, evinces that the Secretary's decision is so irrational as to constitute the decision arbitrary and capricious." 421 U.S. 560, 572-73 (1975); *see Presinzano v. Hoffmann-LaRoche, Inc.*, 726 F.2d 105, 110 (3d Cir. 1984); *see also Harrington v. Chao*, 372 F.3d 52, 55-56 (1st Cir. 2004); *Ellis v. Chao*, 336 F.3d 114, 120 (2d Cir. 2003). If the Court determines that the statement of reasons contains a "rational and defensible basis" for the Secretary's decision, "that should be an end of this matter, for it is not the function of the Court to determine whether or not the case should be brought or what its outcome would be." *Dunlop*, 421 U.S. at 573 (quoting *DeVito v. Shultz*, 72 L.R.R.M. 2682, 2683 (D.D.C. 1969) (internal quotation marks omitted)). The Secretary's statement of reasons need not contain detailed findings of fact, but need only inform of "the grounds of decision and the essential facts upon which the Secretary's inferences are based." *Id*. at 573-74. It must be "adequate to enable the court to determine whether the Secretary's decision was reached for an impermissible reason or for no reason at all." *Id*. at 573. Thus, this Court will look to the Secretary's statement of reasons (Def.'s Answer to Compl., Ex. D) to determine whether the Secretary's decision was rational and defensible.

5

In response to Plaintiff's Administrative Complaint, the DOL conducted an investigation and found that Local 97 denied certain members an opportunity to vote when it sent the wrong ballots to ten local union members, only eight of whom were actually eligible to vote in the 2003 election.  Because the Secretary-Treasurer election was the only race to have been decided by a margin of eight votes or less, the DOL determined that this was the only election that could have been affected by the violation.  *See Wirtz*, 391 U.S. at 505-09.  Instead of bringing a civil action against Local 97 pursuant to 29 U.S.C. § 482(b)-(c), the DOL entered into a settlement agreement which required Local 97 to conduct a new election for Secretary-Treasurer, to be supervised by the DOL.  *See Holmes v. Donovan*, 796 F.2d 173, 179 (6th Cir. 1986) (finding that a consent agreement for a voluntary runoff election was a reasonable exercise of the Secretary's authority under the LMRDA); *Herman v. Local 1695, UAW*, 111 F. Supp. 2d 602, 608 (E.D. Pa. 2000) (recognizing that a "voluntary settlement was akin to a court order directing the Secretary to supervise a union election" because "[t]he settlement's impact on the election process was identical to a Court order pursuant to § 482(c); it required a new election to be held under the supervision of the Secretary of Labor").  Because Plaintiff and the other defeated candidates lost by a margin of more than eight votes, the DOL did not seek to compel Local 97 to conduct a new election for the offices of President, Vice-President, Recording Secretary, or trustee.

In his Administrative Complaint, Plaintiff also alleged that Local 97 refused to mail his slate's campaign literature in the original election.  However, the DOL investigation found that Plaintiff's representatives did not provide Local 97 with campaign mailings in the necessary condition and did not make the mandatory payment for mailing.  Plaintiff also alleged that the opposing slate improperly campaigned at employer sites on union time, but the DOL investigation revealed that candidates from both slates campaigned in these areas and that any

violations by the incumbent slate were offset by similar violations by members of Plaintiff's slate.  Furthermore, Plaintiff alleged that 3,000 ballot packages had been improperly addressed.  The DOL determined, however, that only 434 of 9,043 ballot packages were returned as undeliverable and the union was able to update 266 of these addresses for re-mailing.  The DOL found the remaining 168 undeliverable ballot packages to be acceptable because the investigation established that Local 97 took reasonable steps to update its mailing list throughout the year.[3]

The Secretary's statement of reasons adequately addressed each of the alleged violations brought by Plaintiff and explained the findings of the DOL investigation.  *See Dunlop*, 421 U.S. at 572-73.  The Secretary has provided a rational and defensible basis for the decision and this Court cannot find that it is in any way arbitrary or capricious.  *Id.*; *see also* 5 U.S.C. § 706(2)(A).

### *Conclusion & Order*

For the aforementioned reasons, it is hereby ORDERED that Defendant's motion to dismiss (Docket No. 17) is GRANTED, and Count I of the Complaint is hereby DISMISSED WITH PREJUDICE.

Dated: June 18, 2007
Newark, New Jersey

s/ Harold A. Ackerman<br>U.S.D.J.

---

[3] Plaintiff alleged additional election violations in his Administrative Complaint, but the DOL determined that probable cause did not exist to believe that any such violations occurred that may have affected the outcome of the election for the offices of President, Vice-President, Recording Secretary, or trustee.